UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

04-22634

OTAKORP, INC.,

    Plaintiff,

v.

Civil Action No.

**CIV-HOEVELER**

OTAKUCON, LLC, OTAKUCON, INC.,
D20, INC. and MARK SQUILLANTE,

    Defendants.

_____/

## COMPLAINT

Plaintiff, OTAKORP, INC. ("Otakorp"), by its attorneys, complaining of defendants OTAKUCON, LLC., OTAKUCON, INC. and D20, INC. (collectively the "OtakuCon defendants") and defendant Mark Squillante, alleges as follows:

1. Plaintiff Otakorp, Inc. is a non-profit corporation organized and existing under the laws of Pennsylvania and has its principal place of business at 620 Bishop Place, Northampton, PA 19067.

2. Upon information and belief, defendant Otakucon, LLC is a limited liability company organized and existing under the laws of Florida and has its principal place of business at 10300 SW 72nd Street, Suite 420, Miami, Florida 33173-3021. Upon information and belief, Otakucon, LLC is doing business within this judicial district.

3. Upon information and belief, defendant Otakucon, Inc. is a corporation organized and existing under the laws of Florida and has its principal place of business at 10300 SW 72nd Street,



Suite 420, Miami, Florida 33173-3021. Upon information and belief, Otakucon, Inc. is doing business within this judicial district.

4. Upon information and belief, defendant D20, Inc. is a corporation organized and existing under the laws of Florida and has its principal place of business at 10300 SW 72nd Street, Suite 410, Miami, Florida 33173-3021. Upon information and belief, D20, Inc. is doing business within this judicial district.

5. Upon information and belief, defendant Mark Squillante is an individual who is the President of D20, Inc. and OtakuCon, Inc., and the manager of OtakuCon, LLC, and who controls and carries on the business of those companies ("Squillante"). On information and belief, defendant Squillante is conducting business at 10300 SW 72nd Street, Miami, Florida 33173-3021.

## JURISDICTION AND VENUE

6. This is an action for service mark infringement under the Trademark Law of the United States, §32(1) and §43(a) of the Lanham Act, 15 U.S.C. §1114(1) and §1125(a), and under the common law and statutory unfair competition law of the State of Florida.

7. This Court has jurisdiction over this action for service mark infringement, pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§ 1331, 1332(a) and 1338(a) and (b). Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 (b) and (c). The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## FACTUAL BACKGROUND

8. Plaintiff has been engaged in the business of providing educational conferences in the fields of Japanese/Asian animation, culture, comics, manga, art, music, video games and related

2

graphics and audio visual expressions ("Convention Services") since at least as early as 1994. Otakorp advertises its services in many areas throughout the United States and on the internet, and its services enjoy a nationwide reputation for quality.

9.   At least as early as August 1, 1994, Otakorp adopted and first used the mark OTAKON in connection with these Convention Services. Otakorp has marketed, sold and offered for sale in interstate commerce its Convention Services under the mark OTAKON continuously since August 1, 1994.

10.   Since it began using the mark in 1994, Otakorp has enjoyed an outstanding reputation for providing superior Convention Services. Otakorp's OTAKON convention has received critical acclaim and has attracted celebrity guests, whose attendance at Otakorp's OTAKON convention have been reported by the media.

11.   As a result of Otakorp's extensive promotional, marketing and sales efforts during this period, the reputation of the OTAKON mark continuously has grown throughout the convention/conference industry and among the general public and the mark now is well and favorably known throughout the United States as a source of origin of Convention Services.

12.   The mark OTAKON is distinctive as applied to provision of Convention Services.

13.   Otakorp duly registered the OTAKON service mark in the United States Patent and Trademark Office, and Otakorp is now the owner of U.S. Trademark Registration No. 2,893,102, registered October 12, 2004.

14.   On information and belief, the OtakuCon defendants are involved in the provision of educational conferences in the fields of Japanese/Asian animation, culture, comics, manga, art, music, video games and related graphics and audio visual expressions in the United States and in this Judicial District.

15. On information and belief, the OtakuCon defendants have advertised, offered for sale and sold in interstate commerce and within this Judicial District Convention Services under the mark and name OTAKUCON without the authorization or consent of Otakorp. Specifically, the OtakuCon defendants, under the control and at the direction of defendant Squillante, have organized, advertised and offered for sale admission to an anime and Japanese culture convention in Miami Beach named OtakuCon Miami Beach.

16. On June 1, 2004, Defendant Squillante filed an application on behalf of OtakuCon, LLC for registration of the service mark OTAKUCON upon the Principal Register of the United States Patent and Trademark Office, under Serial No. 78/428,316.

17. On information and belief, D20, Inc. is the registrant of the domain name www.OtakuCon.com . On information and belief, the domain name was registered on behalf of defendant D20, Inc. by defendant Squillante on November 7, 2003.

18. On information and belief, OtakuCon, LLC maintains and operates the www.OtakuCon.com web site, which promotes and offers for sale the OtakuCon defendants' OTAKUCON convention.

19 The mark OTAKUCON is confusingly similar in sight, sound and meaning to the mark OTAKON.

20. Otakorp's services and the OtakuCon defendants' services are competitive services advertised and sold in the same general channels of trade to similar classes of users. Therefore, customers are likely to purchase the OtakuCon defendants' unauthorized services believing that they emanate from or are sponsored by or approved by Otakorp.

4

21. On information and belief, OtakuCon adopted the OTAKUCON mark and name for their Convention Services so that their services would be confused with Otakorp's highly successful OTAKON convention.

22. On information and belief, defendant Squillante is the actual decision maker for all of the OtakuCon defendants, and is responsible for all of the wrongful acts of the OtakuCon defendants.

23. On or about August 20, 2004, and on several occasions thereafter, Otakorp sent OtakuCon a letter demanding that it cease and desist using the service mark OTAKUCON in connection with its Convention Services ("Cease and Desist Letter").

24. On information and belief, as a result of the Cease and Desist Letter, OtakuCon has had actual notice since at least August 20, 2004 that Otakorp has used the mark OTAKON in the United States for Convention Services continuously since at least 1994.

25. The advertisement, offer for sale and sale by OtakuCon of unauthorized Convention Services under the mark OTAKUCON is likely to cause confusion or mistake or deception of purchasers as to the source or origin of the services.

26. On information and belief, the advertisement, offer for sale and sale by OtakuCon of unauthorized Convention Services under the mark OTAKUCON actually has caused confusion or mistake or deception of Otakorp's customers as to the source or origin of OtakuCon's services.

27. Because some purchasers are likely to purchase the unauthorized services offered by OtakuCon under the OTAKUCON service mark believing they are Otakorp's genuine services, and because some purchasers are likely to refuse to do business with Otakorp because of some misperceived relationship with OtakuCon, Otakorp will suffer a loss in sales to its detriment.

28. Otakorp has no control over the quality of the services sold and offered for sale by OtakuCon. By selling and offering for sale its services, OtakuCon is attempting to subvert the right

5

of Otakorp to control the quality of services sold under its service mark. The confusion as to source engendered by OtakuCon leaves Otakorp's valuable goodwill in its OTAKON service mark at the mercy of OtakuCon.

29. Continued advertisement, sale and offer for sale of the unauthorized services by OtakuCon has injured and will continue to injure the business reputation of Otakorp.

30. The infringement by OtakuCon has been willful and deliberate, designed specifically to trade upon the goodwill associated with Otakorp's service mark OTAKON in the United States.

31. The goodwill of Otakorp's business as exemplified by its OTAKON service mark is of enormous value, and Otakorp is suffering and will continue to suffer irreparable harm should OtakuCon's infringing acts be permitted to continue.

### AS AND FOR A FIRST CLAIM FOR RELIEF FOR INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK

32. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 31, above, as though fully set forth herein.

33. This cause of action arises under Section 32(1)(a) of the Lanham Act, 15 U.S.C. §1114(1)(a).

34. Defendants, without the consent of plaintiff have used and are using in interstate commerce a reproduction, counterfeit, copy or colorable imitation of Otakorp's registered mark OTAKON in connection with the sale, offering for sale, distribution and advertising of services in a manner likely to cause confusion, mistake or deception, in violation of 15 U.S.C. §1114(1).

35. Defendants' infringement has been willful and deliberate, designed specifically to trade upon the enormous good will associated with plaintiff's registered trademarks.

36. Plaintiff has been as is being injured by such trademark infringement and damage will continue unless defendants' acts are enjoined by this court. Plaintiff has no adequate remedy at law.

## AS AND FOR A SECOND CLAIM FOR RELIEF FOR
### FEDERAL UNFAIR COMPETITION

37.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 36 above, as though fully set forth herein.

38.     This cause of action arises under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

39.     Defendants' unauthorized use in commerce of the OTAKUCON mark for Convention Services is causing and is likely to cause confusion, mistake or deception of purchasers and potential purchasers as to the source, origin, sponsorship or approval of defendants' services by plaintiff.

40.     Defendants will continue to infringe upon plaintiff's rights unless enjoined by this Court. Plaintiff has no adequate remedy at law.

## AS AND FOR A THIRD CLAIM FOR RELIEF FOR
### INJURY TO BUSINESS REPUTATION

41.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 40 above, as though fully set forth herein.

42.     This cause of action arises under the statutory law of the State of Florida, F.S.A. §495.151.

43.     Defendants are offering for sale, selling and advertising the provision of conferences in the fields of Japanese/Asian animation, culture, comics, manga, art, music, video games and related graphics and audio visual expressions in association with the mark OTAKUCON and the trade names OtakuCon, Inc. and OtakuCon, LLC.

44.     By the acts alleged above, defendants have created a likelihood of injury to plaintiff's business reputation and dilution of the distinctive quality of plaintiff's long used and famous mark OTAKON.

45. Defendants will continue to impair plaintiff's rights unless enjoined by this Court. Plaintiff has no adequate remedy at law.

### AS AND FOR A FOURTH CLAIM FOR RELIEF FOR
### COMMON LAW TRADEMARK INFRINGEMENT

46. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 45 above, as though fully set forth herein.

47. This cause of action arises under Florida common law.

48. Defendants, by their acts, have unfairly competed with plaintiff and have infringed plaintiff's common law rights in the mark OTAKON for Convention Services, in violation of the common law of the State of Florida.

49. Plaintiff has been and is being damaged by such acts, and damage will continue unless defendants' acts are enjoined by this Court. Plaintiff has no adequate remedy at law.

### AS AND FOR A FIFTH CLAIM FOR RELIEF FOR
### COMMON LAW UNFAIR COMPETITION

50. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 49 above, as though fully set forth herein.

51. Defendants' mark OTAKUCON, is so deceptively similar to plaintiff's mark that ordinary purchasers using ordinary care are likely to be deceived or confused as to the source or origin of defendants' goods and services and as to the existence of a relationship or association between plaintiff and defendants.

52. Defendants are offering for sale, selling and advertising services using a colorable imitation of plaintiff's OTAKON mark in a manner such as to pass off their services as those of plaintiff.

53. By the acts alleged above, defendants have impaired plaintiff's goodwill and have otherwise adversely affected plaintiff's business by the use of unfair and improper business practices, in violation of the common law of unfair competition of the State of Florida.

54. Plaintiff has been and is being damaged by such acts, and damage will continue unless defendants' acts are enjoined by this Court. Plaintiff has no adequate remedy at law.

WHEREFORE, plaintiff demands the following relief:

(a) An order preliminary and permanent enjoining defendants, as well as their officers, directors, agents, employees and servants and any persons acting in concert or participation with them:

1. from providing educational conferences in the fields of Japanese/Asian animation, culture, comics, manga, art, music, video games and related graphics and audio visual expressions under the marks OTAKON, OTAKUCON or any colorable variations thereof or any confusingly similar marks.

2. from representing that defendants' services are affiliated with, related to, or sponsored by plaintiff or suggesting any connection with plaintiff;

3. from committing any acts which are likely to injure plaintiff's business reputation; and

4. from unfairly competing with plaintiff.

(b) Ordering defendants to pay their profits to plaintiff and any damages sustained by plaintiff as a result of defendants' acts, pursuant to 15 U.S.C. §1117(a), or any other damages recoverable under any other statute alleged in this Complaint;

(c) Ordering defendants to pay to plaintiff three times the amount of plaintiff's actual damages due to the exceptional circumstances of this case, pursuant to 15 U.S.C. §1117(b);

(d)  Ordering that all materials and merchandise bearing the mark OTAKUCON be destroyed pursuant to 15 U.S.C. §1118;

(e)  Awarding plaintiff its attorneys' fees and costs against defendants because of the exceptional nature of this case, pursuant to 15 U.S.C. §1117(a); and

(f)  Granting such other and further relief as this Court deems just and proper.

Dated: October 20, 2004

JEFFREY B. SHAPIRO
Fla. Bar No. 484113
ARNSTEIN & LEHR LLP
Attorneys for Plaintiff
201 S. Biscayne Boulevard, Suite 400
Miami, Florida 33131
Telephone: (305) 374-3330
Facsimile: (305) 374-4744
jbshapiro@arnstein.com

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET  04-14291

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**
OTAKORP, INC.

**DEFENDANTS**
OTAKUCON  04-22634

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Northampton, PA
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Miami-Dade
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Arnstein & Lehr LLP
201 S. Biscayne Blvd., #400
Miami, FL 33131 (305) 374-3330

ATTORNEYS (IF KNOWN)

CIV-HOEVELER

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

KLEIN

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|                                                      | PTF | DEF |                                                        | PTF | DEF |
|------------------------------------------------------|-----|-----|--------------------------------------------------------|-----|-----|
| Citizen of This State                                | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State                             | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country              | ☐ 3 | ☐ 3 | Foreign Nation                                         | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | A PROPERTY RIGHTS | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | PERSONAL PROPERTY | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | B☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | B☐ 690 Other | B SOCIAL SECURITY | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | A LABOR | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | | FEDERAL TAX SUITS | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | A☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | A OR B |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
Sec. 32(1)(a) of the Lanham Act, 15 U.S.C. Sec. 1114(1)(a) & Sec. 43(a) of 15 U.S.C. Sec. 1125(a). (Defs have infringed upon Pl's service mark in violation of above Statutes).

LENGTH OF TRIAL
via ___ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $75,000 & injunctions.
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 10/20/04
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE 509322 MAG. JUDGE _____
10/20/04